UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMIE ALLEN ANDREWS, | Case No. 19-CV-0455 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| PAUL SCHNELL; JODI HARPSTEAD;[1] NANCY JOHNSTON; KEITH ELLISON; KELLY LYN MITCHELL; and JANE AND JOHN DOES, | |
| Defendants. | |

Jamie Allen Andrews, pro se.

This matter is before the Court on plaintiff Jamie Allen Andrews's objection to the August 23, 2019 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. Judge Rau recommends dismissal of Andrews's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Rau further recommends denial of Andrews's application to proceed *in forma pauperis*. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Andrews's objection and adopts the R&R. Only a couple of matters merit comment:

First, Andrews objects to the dismissal of his claim under the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("Bane Act"). Judge Rau recommends dismissal of

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Jodi Harpstead, Commissioner of Minnesota Department of Human Services, is substituted for Tony Lourey.

that claim because the Bane Act is a California statute that does not apply in this case brought by a civil detainee of the State of Minnesota against officials of the State of Minnesota regarding actions taken in Minnesota and pursuant to Minnesota law. Andrews argues that Judge Rau's recommendation "does not even make sense" because, if Judge Rau were correct, landmark decisions of the United States Supreme Court (such as *Roe v. Wade* and *Brown v. Board of Education*) and landmark federal statutes (such as the Civil Rights Act of 1964) would apply only in the states from which they "originated." ECF No. 12 at 2.

But the decisions that Andrews cites are interpretations of the United States Constitution, and the Civil Rights Act of 1964 is a federal statute. The United States Constitution and federal statutes apply to Minnesota because Minnesota is part of the United States; the Bane Act does not apply to Minnesota because Minnesota is not part of California. Andrews cannot sue the defendants under the Bane Act. ECF No. 11 at 7; *see also Perske v. Schnell*, No. 19-CV-0443 (ECT/HB), 2019 WL 4687039, at *1 (D. Minn. Sept. 26, 2019); *Thomas v. Schnell*, No. 19-CV-0450 (NEB/LIB), 2019 WL 4201070, at *1 (D. Minn. Sept. 5, 2019); *Jacobson v. Schnell*, No. 19-CV-0451 (JNE/ECW), 2019 WL 4060380, at *1 (D. Minn. Aug. 27, 2019); *Elk v. Schnell*, No. 18-CV-3255 (DWF/LIB), 2019 WL 4011007, at *1 (D. Minn. Aug. 26, 2019); *Hollie v. Schnell*, No. 19-CV-0445 (PAM/KMM), 2019 WL 3800237, at *1 (D. Minn. Aug. 13, 2019).

Second, Andrews takes issue with the way that Judge Rau characterized his argument that imposing a term of conditional release without separately charging and indicting him under Minnesota's conditional-release statute violated his right to due process. ECF No. 12 at 6. According to Andrews, "Plaintiff never mentioned that he was charged with a new charge (which the Court is reading into), but merely alleging that because of the imposed conditional release, it made a new charge." ECF No. 12 at 6. Andrews is squabbling over semantics. Judge Rau clearly understood the substance of Andrews's claim and correctly explained that Andrews's claim is meritless because conditional release is not a "new charge," but instead is part of the sentence imposed for Andrews's conviction of second-degree criminal sexual conduct. ECF No. 11 at 8; *see* Minn. Stat. § 609.3455, subds. 6-7 (imposing mandatory terms of conditional release for sex offense convictions). No separate charge or indictment was required.

Finally, the R&R recommends dismissing all claims with prejudice, with one exception: Judge Rau recommends dismissing without prejudice Andrews's claim that requiring him to undergo treatment while on conditional release is unconstitutional, as this claim "is at least theoretically amenable to repleading." ECF No. 11 at 9. In his objection to the R&R, Andrews offers to file a motion to amend his complaint with respect to that claim pursuant to Fed. R. Civ. P. 15(a)(2). As there is no Rule 15 motion

presently before the Court, and as Andrews has failed to put forward any new facts or legal theories he might rely on in making such a motion, the Court concludes that dismissal without prejudice is the proper disposition of this claim. *See United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) ("[A] district court does not abuse its discretion in denying leave to amend where the plaintiff made no motion for leave to amend and did not explain the substance of his proposed amendment." (quotations and citations omitted)); *Lindsey v. Moser*, 15-CV-2091 (SRN/SER), 2016 WL 4046719, at *3-4 (D. Minn. July 28, 2016) (denying pro se plaintiff leave to amend where plaintiff failed to file a motion to amend or to specify his proposed amendments).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 12] and ADOPTS the R&R [ECF No. 11]. IT IS HEREBY ORDERED THAT:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), this matter is DISMISSED as follows:

    a. Plaintiff's claim alleging that the condition of treatment amounts to a violation of his constitutional rights is DISMISSED WITHOUT PREJUDICE;

    b. All other claims are DISMISSED WITH PREJUDICE; and

2. Plaintiff's application to proceed *in forma pauperis* [ECF No. 5] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 22, 2019         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge